UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INDUSTRIES LLC, *et al.*,

    Plaintiffs,

v.

MICHAEL DUGGAN, *et al.*,

    Defendants.

Case No. 16-14112
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER DETROIT DEVELOPMENT AUTHORITY'S COUNTERCLAIMS AND COUNT VIII OF PLAINTIFFS' COMPLAINT**

Plaintiffs operate the Centre Park Restaurant and Bar in the Harmonie Park section of downtown Detroit. Defendant Detroit Development Authority ("DDA") is redeveloping this area and sought development proposals. Plaintiffs say that DDA deemed their proposal untimely. Plaintiffs then publicly complained about the bidding process. According to Plaintiffs, Defendants retaliated by sending Detroit police to harass their patrons. Plaintiffs also believe that Detroit's mayor and police chief have singled out their restaurant because the owners are African-American and most of the patrons are African American. Plaintiffs thus brought this lawsuit asserting, among other claims, that Defendants retaliated against them in violation of the First Amendment and treated them differently in violation of the Equal Protection Clause. (*See generally* R. 31.)

DDA counterclaimed. Plaintiffs operate their restaurant pursuant to a lease agreement with DDA. DDA claims that Plaintiffs have breached that lease by not paying rent, by selling too much liquor, and by not allowing them to conduct an audit. (*See generally* R. 38.) The DDA has brought a seven-count counterclaim against Plaintiffs. (R. 38.)

All seven of DDA's claims arise under state law. And there is not complete diversity among the parties in this case. So this Court would only have jurisdiction over DDA's claims if they are "so related to" Plaintiffs' federal claims that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

It is not obvious that this is so. True, Plaintiffs allege that Defendants never attempted to evict them for lease violations until after they filed this lawsuit. (R. 31, PID 373.) But Plaintiffs' claims primarily arise from Defendants' conduct during and after the bid process. This is not the same factual bases that forms DDA's counterclaims: DDA's claims are based on whether Plaintiffs sold too much liquor, failed to pay rent, or failed to comply with DDA's audit attempt. The Court thus has some concerns that it lacks the authority to adjudicate DDA's counterclaims. *See Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) ("Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." (internal quotation marks omitted)).

But assuming this Court had power to adjudicate DDA's claims, this Court would decline to do so. "Section 1367 grants a district court broad discretion to decide whether to exercise jurisdiction over state-law claims that are 'so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting 28 U.S.C. § 1367(a)); *see also* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . in exceptional circumstances, there are . . . compelling reasons for declining jurisdiction."). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the values of judicial economy, convenience, fairness, and comity." *Gamel*, 625 F.3d at 951 (internal quotation marks omitted).

These factors favor dismissing DDA's counterclaims. First, as discussed, there does not seem to be significant overlap in the facts underlying Plaintiffs' claims and the facts underlying DDA's claims. And the legal theories do not much overlap: Plaintiffs' claims are primarily based on retaliation and disparate treatment under the Constitution while DDA's claims are based on contract language. Further, there is (as a result of today's remand) a state court lawsuit where DDA has asserted that Plaintiffs have violated terms of the lease. Plaintiffs and DDA acknowledge that the claims asserted in the state case are the same as those asserted in the counterclaim in this case (as well as Count VIII of the First Amended Complaint). *See* Complaint (R. 1) and Show Cause Response (R. 5), *City of Detroit Downtown Development Authority v. Lotus Industries, LLC*, No. 17-12148 (E.D. Mich. filed June 27, 2017). That case must be in state court—it cannot be removed and consolidated with this case. As such, if this Court were to exercise supplemental jurisdiction over DDA's counterclaims, there would be parallel state and federal litigation over the very same issues. This is not efficient for the parties or the courts.

Accordingly, the Court DISMISSES WITHOUT PREJUDICE DDA's counterclaims. It follows that this Court DENIES AS MOOT DDA's motion for a temporary restraining order. (R. 47, 48, 50.) It also follows that this Court will not resolve any issues arising out of DDA's counterclaims (e.g., the production of discovery related to those counterclaims).

In addition, the Court DISMISSES WITHOUT PREJUDICE Count VIII of Plaintiffs' First Amended Complaint, as that claim is essentially a mirror image of DDA's counterclaims (Plaintiffs seek a declaration that Plaintiffs did not breach the lease). It follows that this Court will not resolve any issues arising out of Count VIII (e.g., the production of discovery related to

this claim).

    SO ORDERED.

<table>
<tr><td></td><td>s/Laurie J. Michelson<br>LAURIE J. MICHELSON</td></tr>
<tr><td>Dated: July 19, 2017</td><td>U.S. DISTRICT JUDGE</td></tr>
</table>

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 19, 2017.

s/Keisha Jackson<br>Case Manager