UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INDUSTRIES, LLC, *et al.*,

    Plaintiffs,

v.

MICHAEL DUGGAN, *et al.*,

    Defendants.

Case No. 16-cv-14112
Honorable Laurie J. Michelson
Mag. Judge Anthony P. Patti

## CITY OF DETROIT DOWNTOWN DEVELOPMENT AUTHORITY'S AND DETROIT ECONOMIC GROWTH CORPORATION'S MOTION FOR PROTECTIVE ORDER AND SANCTIONS

Defendants, City of Detroit Downtown Development Authority ("DDA") and Detroit Economic Growth Corporation ("DEGC") (collectively, "Movants"), by and through their attorneys, Kotz Sangster Wysocki P.C., in accordance with Federal Rule of Civil Procedure 26(c)(1), and respectfully set forth their Motion for Protective Order and Sanctions to preclude Plaintiffs from further examination of witness Tom Lewand as it would be taken in bad faith, to harass, annoy and embarrass Tom Lewand. Movants also seek its attorneys' fees and costs for Plaintiffs' and their counsel's frivolous conduct.

WHEREFORE, City of Detroit Downtown Development Authority and Detroit Economic Growth Corporation respectfully request that this Court grant this Motion and:

1. Enter a protective order precluding Plaintiffs from taking the deposition of Tom Lewand a second time;

2. Award City of Detroit Downtown Development Authority and Detroit Economic Growth Corporation its attorneys' fees and costs for having to draft, file and argue this Motion; and

3. Enter an order granting such further relief as this Court deems just and equitable.

**KOTZ SANGSTER WYSOCKI P.C.**

/s/ Jeffrey M. Sangster
By: Jeffrey M. Sangster (P30791)
Christopher A. Ferlito (P80574)
Attorneys for DEGC and DDA
400 Renaissance Center, Ste. 3400
Detroit, MI 48243
(313) 259-8300

Dated: June 7, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INDUSTRIES, LLC, *et al.*,

    Plaintiffs,

v.

MICHAEL DUGGAN, *et al.*,

    Defendants.

Case No. 16-cv-14112
Honorable Laurie J. Michelson
Mag. Judge Anthony P. Patti

## CITY OF DETROIT DOWNTOWN DEVELOPMENT AUTHORITY'S AND DETROIT ECONOMIC GROWTH CORPORATION'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND SANCTIONS

Defendants City of Detroit Downtown Development Authority ("DDA") and Detroit Economic Growth Corporation ("DEGC") (collectively, "Movants"), by its counsel, Kotz Sangster Wysocki P.C., in accordance with Federal Rule of Civil Procedure 26(c)(1), and this Court's inherent authority, and for their Motion for Protective Order and Sanctions, states:

### QUESTIONS PRESENTED

A. Should the Court enter a protective order precluding Individual Plaintiffs from taking Tom Lewand's deposition a second time?

        DDA and DEGC:      Yes.
        Individual Plaintiffs:    No.

## CONTROLLING OR MOST APPROPRIATE LEGAL AUTHORITIES

A. Federal Rule of Civil Procedure 26(c)(1)

B. *Nix v Sword*, 11 Fed Appx 498, 500 (6th Circuit, 2001)

C. *Avirgan v. Hull,* 118 F.R.D. 252, 254 (D.D.C.1987)

D. Donald v. Cajun Operating Co., No. 14-CV-10604, 2016 WL 8115412, at *1 (E.D. Mich. Feb. 17, 2016)

## CERTIFICATION UNDER L.R. 7.1(a)(2)

In accordance with Rule 26(c)(1) and Local Rule 7.1, Movants have in good faith conferred or attempted to confer with Plaintiffs in an effort to resolve the dispute without court action. Movants attempted to seek concurrence with Plaintiffs. Despite reasonable efforts, Movants were unable to obtain concurrence without court action.

## BACKGROUND

This case arises from a commercial lease agreement between DDA and Plaintiff Lotus Industries LLC d/b/a Centre Park Bar ("Lotus"). Plaintiffs Lotus, and Christopher Williams ("Mr. Williams"), Gwendolyn L. Williams ("Ms. Williams") and Kenneth Scott Bridgewater ("Mr. Bridgewater") (collectively, "Individual Plaintiffs") brought this lawsuit alleging, among other claims, Defendants retaliated against them in violation of their First Amendment rights

for allegedly publicly disclosing the illegal and unethical actions of DDA and DEGC during the RFP process.

On June 5, 2018, Individual Plaintiffs took the deposition of Tom Lewand ("Mr. Lewand"), a witness who works for the City of Detroit in the Mayor's office, a copy of Mr. Lewand's deposition transcript is attached hereto as Exhibit 1. Individual Plaintiffs' counsel Andrew Paterson ("Mr. Paterson") has a history of being 20-30 minutes late for every deposition he has taken in this case. Although the deposition was noticed to begin at 10:00 AM, the deposition did not begin until 10:23 AM due to Mr. Paterson being late. The deposition concluded at 12:33 PM.

Mr. Paterson's questioning of Tom Lewand violated the scope of the deposition under Federal Rule of Civil Procedure 26 and this Court's previous ruling as to the issues relevant in this case. There were many instances Mr. Paterson went beyond the scope allowed to clearly engage in a fishing expedition for other potential future litigation, which includes but is not limited to the following excerpts:

> Q. Did you attend a board meeting where the DDA or DEGC approved in excess of a 36-million dollar deal to assist in the construction of Little Caesar's arena?

> Q. Do you consider Olympia Development of Michigan a private partner?

> Q. Did you play a role at a board meeting of the DEGC or the

3

| |
|---|
| DDA with respect to approving any transactions other than the RFPs for Paradise Valley? |
| Q. Do you know how the DDA determines who should be hired to be represented in legal undertakings? |
| Q. How are decisions made to hire or engage outside counsel at the DDA? |
| Q. What discussions did you have with your attorney? |
| Q. While working as the team executive, have you received, or do you receive compensation from any other individuals or corporations or entities outside of your position in compensation as team executive? |
| Q. Who does report to you? <br> Q. What are their titles, if you know? |
| Q. Did it ever offer a private investment or a loan to Lotus Industries? |
| Q. Did the DDA or DEGC or the City ever offer Centre Park Bar, Lotus Industries sponsorship of any kind? |
| Q. Has the DDA or DEGC or the City ever offered or suggested any grants to Lotus Industries or Centre Park? |
| Q. Are you familiar with the City of Detroit's Motor City Match Program? |
| Q. Are you aware of any instances outside of Centre Park Bar and the RFP for Paradise Valley and the DDA, where the City has taken upon itself, to engage or intervene in a dispute between two private industry businesses? |

4

None of the questions above were remotely relevant to any claim or defense in this lawsuit. In addition to the above irrelevant and improper questioning, on numerous occasions, Mr. Paterson asked the same questions three to five different times:

| |
|---|
| Q. Who prepared the RFP, if you recall?<br><br>Q. Do you know who prepared the RFP?<br><br>Q. And you don't know who wrote it [RFP]? |
| Q. Okay. Do you know who was responsible at the DDA or DEGC, for accepting the proposals pursuant to the RFP for Paradise Valley?<br><br>Q. I was asking you who was responsible for receiving the proposals that were submitted for the RFPs?<br><br>Q. Who in the DDA or DEGC was responsible for accepting proposals when they were due? |
| Q. Has the City, if you know, ever accepted a proposal after the time it was required to be delivered?<br><br>Q. Has the DDA or DEGC ever accepted proposals after the time stipulated in the RFP?<br><br>Q. Are you aware of any instance where the City of Detroit or DDA or DEGC made and accepted a proposal after any stipulated RFP?<br><br>Q. Is it fair to say you don't know whether the DEGC or DDA has ever extended an RFP beyond the initial due date? |

5

Mr. Lewand responded to each of the above inquiries, for the first time asked, with either he did not recall or in the negative with "no." Despite Mr. Lewand's responses, Mr. Paterson kept asking the same exact questions as outlined above.

The very same day of the deposition, all parties received an email from Mr. Paterson requesting for concurrence in Individual Plaintiffs' motion to compel Mr. Lewand to answer questions that he refused to answer during his deposition and for sanctions. Mr. Paterson also emailed the Court to inquire whether a telephone conference was necessary prior to filing his motion to compel. The Court instructed Mr. Paterson to file a motion. As a result, Movants bring this Motion for Protective Order and for Sanctions against Individual Plaintiffs.

## **ARGUMENT**

Individual Plaintiffs have no basis for their proposed motion to compel, and as clearly indicated by the deposition already taken, Individual Plaintiffs would further annoy, embarrass, oppress and burden Mr. Lewand if his deposition was taken a second time. Federal Rule of Civil Procedure 26(c)(1) provides in pertinent part:

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be

6

       taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

This Court has discretion to enter an order for "good cause…to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v Sword*, 11 Fed Appx 498, 500 (6th Circuit, 2001) (citing *Avirgan v. Hull,* 118 F.R.D. 252, 254 (D.D.C.1987)). the purpose of a protective order under Rule 26c(1) "may be extended to encompass the overall limit of Federal Rule of Civil Procedure 26-information that is relevant to a claim or defense." *Donald v. Cajun Operating Co.*, No. 14-CV-10604, 2016 WL 8115412, at *1 (E.D. Mich. Feb. 17, 2016).

Movants have shown good cause for a protective order and for sanctions. As outlined above, Mr. Paterson's questioning clearly did not relate to any claim or defense in this litigation. Nor were some of his questions related to the Lease, RFP process, police conduct, or retaliation of which this Court stated were relevant topics. Furthermore, the questions which were relevant were inappropriately asked numerous times. To prevent further harassment,

7

oppression and burden, a protective order is necessary to preclude Individual Plaintiffs from taking Mr. Lewand's deposition a second time. Lastly, Movants should be awarded its attorneys' fees and costs for having to file this Motion.

## CONCLUSION

For the reasons set forth above, this Court should grant DDA's and DEGC's Motion for Protective Order and:

1. Enter a protective order precluding Plaintiffs from taking the deposition of Tom Lewand a second time;

2. Award City of Detroit Downtown Development Authority and Detroit Economic Growth Corporation its attorneys' fees and costs for having to draft, file and argue this Motion; and

3. Enter an order granting such further relief as this Court deems just and equitable.

**KOTZ SANGSTER WYSOCKI P.C.**

/s/ Jeffrey M. Sangster
By: Jeffrey M. Sangster (P30791)
Christopher A. Ferlito (P80574)
Attorneys for DEGC and DDA
400 Renaissance Center, Ste. 3400
Detroit, MI 48243

Dated: June 7, 2018 (313) 259-8300

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INDUSTRIES, LLC, *et al.*,

    Plaintiffs,

v.

MICHAEL DUGGAN, *et al.*,

    Defendants.

Case No. 16-cv-14112
Honorable Laurie J. Michelson
Mag. Judge Anthony P. Patti

## **CERTIFICATE OF SERVICE**

This is to certify that on the 7th day of June, 2018, I electronically filed the foregoing pleading with the Clerk of the Court in accordance with the Court's Electronic Guidelines. Notice of electronic filing of these documents will be sent to all parties by operation of the Court's electronic filing system.

I certify that the above statement is true to the best of my information, knowledge and belief.

                                            */s/ Ashley D. Clark*
                                              Ashley D. Clark