UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWENDOLYN WILLIAMS,
CHRISTOPHER WILLIANS,
KENNETH SCOTT BRIDGEWATER,
*et al.*,

    Plaintiffs,

v.

DETROIT ECONOMIC GROWTH
CORPORATION, *et al.*,

    Defendants.

Case No. 16-14112
Honorable Laurie J. Michelson

**ORDER DENYING PLAINTIFFS' MOTION FOR A JURY TRIAL [193]**

This matter is before the Court on Plaintiffs' Motion for a Jury Trial pursuant to Federal Rule of Civil Procedure 39(b). (ECF No. 193.)

Plaintiffs are the former operators of Centre Park Bar. In November 2016, they filed this lawsuit against Detroit's mayor, police chief, and others. Plaintiffs allege that the Defendants shut them out of a city redevelopment process. When they publicly complained about being shut out, the Defendants conspired to retaliate against them and their bar. So they brought suit.

In their initial complaint, the bar owners did not make a jury demand. (ECF No. 1.) Twice they amended their complaint, and neither amendment demanded a jury trial. (ECF No. 31, 66.) And when the bar owners moved for leave to file a third amended complaint, once again, they made no mention of a jury demand. (ECF No. 118-1.) And when the parties convened to prepare a joint discovery plan, as required by Rule 26(f), they all agreed that "[t]his will be a bench trial." (ECF No. 28, PageID.345.)

The parties then engaged in discovery for approximately one year. After discovery ended, the individual Plaintiffs filed a Motion for a Jury Trial. (ECF No. 193.) The Defendants oppose it. (ECF No. 195, PageID.4386.)

Federal Rule of Civil Procedure 38 allows either party to "demand a jury trial" regarding "any issue triable of right by a jury." Fed. R. Civ. P. 38(b). To comply with Rule 38(b), all a party has to do is make a "written demand —which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). But if a party misses the Rule 38 deadline, on the tardy party's motion, Federal Rule of Civil Procedure 39(b) permits the Court to "order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). The Court has "broad discretion in deciding whether to grant a Rule 39(b) motion." *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 632 (6th Cir. 2008) (citing *Moody v. Pepsi-Cola Metro. Bottling Co., Inc*., 915 F.2d 201, 207 (6th Cir. 1990).

In their motion, Plaintiffs insist they "inadvertently failed to include in the initial complaint, and the subsequent filed first-amended and second-amended complaints a request for a jury demand as required under Fed.R.Civ.P. 38(b)." (ECF No. 193, PageID.4382.) They also say Defendants cannot show any prejudice as a result of this late request, so the motion should be granted. (*Id.* at PageID.4382–4383.)

This Court respects a party's right to a jury trial and is generally solicitous of such a request, even when untimely. But several issues here give the Court pause. First, Plaintiffs claim inadvertence accounts for their failure to make a jury demand. Yet, generally speaking, inadvertence, absent something more, is not an excuse for a party's failure to make a jury demand. *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986); *see also Andrews*, 544 F.3d at 632 ("Generally, a district court will not abuse its discretion in denying a Rule 39(b) motion

if the only justification offered for failure to demand a jury trial is mere inadvertence.") (citing *Misco*, 784 F.2d at 205). And the bar owners are represented by counsel who had numerous opportunities to request a jury, through multiple pleadings that they initiated, so the circumstances do not warrant "special consideration." *Cf. Andrews*, 544 F.3d at 632 ("special consideration" is warranted where the party requesting a jury trial is "hailed [sic] into federal court against his will, or is proceeding pro se") (internal citations omitted).

Second, inadvertence does not appear to be the true reason for the late jury demand. Plaintiffs' motion neglects to mention the parties' Joint Case Management Report/Discovery Plan (ECF No. 28), filed early in the case, which expressly states, "[t]his will be a bench trial." (*Id*., PageID.345.) So their seeming lack of candor weighs against the Plaintiffs' untimely request.

Finally, the discovery deadline has come and gone. And, say the Defendants, they conducted discovery on the expectation that a judge, not a jury, would decide this case. Changing the baseline this late in the process is problematic. *See Ypsilanti Cmty. Utilities Auth. v. Meadwestvaco Air Sys, LLC*, No. 07-15280, 2010 WL 1644058, at *3 (E.D. Mich. April 22, 2010) (denying motion for a jury trial where case had proceeded for nearly two years on the expectation of a bench trial).

Accordingly, the Court DENIES the bar owners' Motion for Jury Trial. (ECF No. 193.) The Court will schedule a status conference to set dates for the remaining progress of the case.

SO ORDERED.

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Date: October 17, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 17, 2018, using the Court's ECF system.

s/William Barkholz
Case Manager