UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH SCOTT BRIDGEWATER,

     Plaintiff,

v.

OFFICER ROBERT HARRIS and
CAPTAIN KELVIN HARRIS

     Defendants.

Case No. 16-14112
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

---

## ORDER ON DEFENDANTS' RENEWED MOTION IN LIMINE
## TO STRIKE WITNESSES [267]

---

This case is scheduled for a bench trial on November 25, 2019, on one remaining claim of First Amendment retaliation. This claim requires Plaintiff Kenneth Bridgewater to establish three familiar elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). First, that he engaged in protected conduct. *Id*. Second, that an adverse action was taken against him "that would deter a person of ordinary firmness from continuing to engage" in that conduct. *Id*. And third, that there is a causal connection between the protected conduct and adverse action. *Id*.

Defendants seek to limit the witnesses Bridgewater may call to try to prove this claim. They contend that six of the witnesses identified on Bridgewater's amended trial witness list were either not timely disclosed or do not have relevant testimony to provide. (ECF No. 267.)

The parties had multiple opportunities throughout the litigation to disclose their witnesses. The witnesses known from the outset were to be identified in the initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(i). These disclosures could then be supplemented in a timely fashion as new information was learned. Fed. R. Civ. P. 26(e). The witnesses learned during discovery were to be disclosed on the parties' witness lists by the deadline set in the scheduling order. (ECF No. 29.)

As a result, Plaintiff's witness list was filed August 4, 2017. (ECF No. 56.) It was not supplemented prior to the close of discovery. The Court also directed the parties to submit witness lists for trial by November 1, 2019. (ECF No. 236.) In none of those submissions did Bridgewater identify Louay Hussein. He was disclosed, for the first time, when Bridgewater filed an untimely amended trial witness list on November 7, 2019. (ECF No. 258.) This was more than a year after the close of discovery and only two and a half weeks before trial. At the final pretrial conference on November 12, 2019, after having reviewed Bridgewater's 31-name witness list, the Court directed Bridgewater to file a realistic and proper witness list by November 14, 2019. This amended trial witness list still included Hussein. (ECF No. 263.) But Plaintiff acknowledges this was a mistake and that Hussein will not be called as a witness. (ECF No. 270, PageID.7893-7894.)

Defendants contend that DeJuan Pugh and Ryan Oliver were not identified as witnesses until the November 1, 2019 trial witness list was filed. Indeed, they contend Pugh's name was never mentioned during the course of the case, while Oliver was mentioned only twice during Bridgewater's deposition, and not as being an eye-witness to Bridgewater's arrest. Oliver was mentioned as someone detained at the Centre Park Bar. And as to this testimony, Defendants explain, "Bridgewater claimed he had a document identifying the date of the police detainment (he never produced it) and a note written by Oliver allegedly discussing the incident (also not produced to City Defendants). As such, Bridgewater never put the City Defendants on notice that Ryan Oliver may have discoverable evidence related to Bridgewater's arrest or an alleged City custom, policy, or practice of retaliating against anyone who sues the City." (ECF No. 267, PageID.7880.)

"If a party fails to . . . identify a witness . . . the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Plaintiff's only explanation is that Pugh and Oliver

were disclosed on his November 1, 2019 witness list and this comports with the Court's amended scheduling order. (ECF No. 270, PageID.7895.) But that scheduling order clearly pertained to the conduct of the trial. It required the parties to identify the witnesses, previously disclosed, who would be testifying at trial. A trial witness list, exchanged 3 weeks before trial and after years of discovery, is not an opportunity for a party to identify a witness for the first time. And the fact that these witnesses were briefly mentioned in a deposition or during Bridgewater's felony criminal trial does not put the Defendants on notice they will be trial witnesses on the remaining First Amendment claim. This litigation has been contentious. The parties were given significant time for discovery and then argued several dispositive motions. So trial preparation should not be a moving target for either side. As Oliver and Pugh were not disclosed until the trial witness list and Defendants had no reason to believe they would be likely witnesses, they will be stricken from the witness list. *See, e.g., E.E.O.C. v. Spitzer Mgmt.*, No. 06CV2337, 2013 U.S. Dist. LEXIS 190557, at *5 (N.D. Ohio Jan. 11, 2013) (precluding certain witnesses from testifying because "[p]roviding the names of witnesses to counsel for the first time in a trial witness list within one month of trial is not consistent with the Court's required disclosures."); *Lawson v. Plantation Gen. Hosp., L.P.*, No. 08-61826, 2010 U.S. Dist. LEXIS 151994, at *14 (S.D. Fla. May 3, 2010).

The Court understands that Officer Lamont Williams was also disclosed as a potential witness for the first time on Bridgewater's trial witness list. But he did become the subject of supplemental briefing in connection with Defendants' motion for summary judgment. His involvement was disclosed many months, as opposed to a mere few weeks, prior to trial. And given that he issued a citation to another Centre Park Bar manager, he could have relevant evidence regarding the motivation for law enforcement personnel to issue such citations at the bar.

Defendants further contend that six witnesses on Bridgewater's amended witness list should be precluded from testifying because they lack any personal knowledge of Bridgewater's July 23, 2017, arrest or a City custom, practice, or policy of arresting individuals who sue the City. In addition to the four individuals already addressed by the Court, the other two are Dennis Archer Jr. and Captain Conway Petty. (ECF No. 267, PageID.7881-7883.)

Bridgewater says he expects Archer to testify "about how he encouraged officials from the City of Detroit to enforce their policy and/or custom to retaliate against Plaintiff Bridgewater for suing the City. Mr. Archer Jr. will also testify about how he strategized with city officials to retaliate against Plaintiff Bridgewater for filing this lawsuit, which resulted in a delay in Dennis Archer, Jr. being able to close on the Harmonie Park property where Centre Park Bar was once located, and also resulted in a tremendous delay in Dennis Archer Jr. being able to develop the Harmonie Park location." (ECF No. 263, PageID.7790.) Whether Archer, Jr. confirms or denies these allegations will be relevant, for one side or the other, on the remaining retaliation claim. And the same is true for Police Captain Conway Petty, who Bridgewater says "is expected to testify about any directives he was given by Police Chief James Craig regarding issuing tickets and/or citations to Plaintiff Kenneth Scott Bridgewater and Chris Williams and his conversations with Mike Duggan and Police Chief James Craig about Centre Park Bar and Plaintiff Kenneth Scott Bridgewater and Chris Williams." (ECF No. 263, PageID.7791.) So the Court will not strike these witnesses.

As discussed at the final pretrial conference, the Court expects to hear testimony from only those witnesses with information relevant to the narrow issue remaining for trial. If the proper foundations are not laid, if it becomes clear that witnesses do not have the requisite personal

information, or if the testimony is cumulative or duplicative, the Court will take the remedial steps necessary to effectively and efficiently manage the trial. *See* Fed. R. Civ. P. 1.

Accordingly, Defendants' renewed motion in limine to preclude Plaintiff from calling certain witnesses is GRANTED IN PART AND DENIED IN PART as follows: Dejuan Pugh, Ryan Oliver, and Louay Hussein are precluded from testifying while Officer Lamont Williams, Dennis Archer, Jr., and Captain Conway Petty are not. And given this ruling, fees and costs will not be awarded to either side.

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: November 20, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means on November 20, 2019.

s/Karri Sandusky on behalf of
Erica Karhoff, Case Manager to
Honorable Laurie J. Michelson

5